## MATTHEW A. REYNOLDS, RECEIVER OF THE LENOX REALTY COMPANY
### *vs.*
## KENNETH E. NETTLETON ET AL.

Superior Court     New Haven County     File No. 59471

MEMORANDUM FILED JULY 15, 1941.

*Vincent P. Dooley,* Corporation Counsel of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendants.

FOSTER, J. A motion for a more specific statement of a pleading, while based upon rules of court and decisions of our Supreme Court of Errors on matters of procedure, is largely based upon equity, justice and "common sense", rather than strict rules of law. It is ordinarily a matter, the decision of which is almost autonomous.

Here we have a situation that presents more difficulty in its decision. Examining the complaint and substituted paragraphs of the complaint we find three corporations, The Lomas & Nettleton Company, the Lomas & Nettleton Mortgage Company and The Lenox Realty Company. The Lenox Realty Company is in the hands of a receiver appointed by this court. It is alleged in paragraph 13 of each of these pleadings that the business of each of these three corporations, prior to the appointment of the receiver for The Lenox Realty Company, was done by and through Kenneth E. Nettleton, Sydney W. Gould and Donald E. Nettleton. It is alleged in paragraph 14 of these pleadings that these three individuals acted fraudulently and in collusion with each other in so conducting such business that each of them would receive personal benefit at the expense of The Lenox Realty Company, and that The Lenox Realty Company was thereby defrauded and cheated.

The receiver of the Lenox Realty Company brings this action against the three individuals to recover damages for such alleged fraudulent acts.

In the complaint the acts are set forth in general terms. The defendants on October 15, 1940, filed a motion for a more specific statement. On April 10, 1941, the plaintiff filed a substituted complaint, wherein appear many details of the alleged transactions, and wherein it is set forth that only a part of the books and the papers of The Lenox Realty Company have been turned over to the receiver, and that it is impossible for the receiver to supply from the books and papers in his possession a more detailed statement than he does render.

It is true that the defendants are entitled to know with reasonable definiteness the charges made against them. On the other hand, if the defendants are guilty of fraud, they should not be permitted by the court to be protected by ignorance of the receiver of some of their fraudulent acts. The receiver should not be forced to file a more specific statement of fraudulent acts of which he has knowledge and be limited at the trial of the case upon its merits to such specific statement, thus permitting the defendants to escape liability for other fraudulent acts set forth generally in the complaint. This is particularly so in this case, because it is alleged that the defendants still have in their possession some of the books and papers of The Lenox Realty Company, and they admittedly have in their possession the books and papers of the other two companies and their own personal books and papers.

If the defendants are guilty of no fraud they should welcome a full and complete investigation of their acts without any limitation being placed upon the plaintiff. If they are guilty of fraud as alleged in the complaint and substituted complaint, it is the duty of the receiver as an officer of this court to prove such fraud to the court; and the court should not place obstacles in the path of the receiver that will prevent full proof of all fraudulent acts alleged in the pleadings.

The motion for a more specific statement is denied.