VINCENZO CERVINO *v.* HARRY CORATTI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 21, 1944—decided January 11, 1945.

*Herman N. Horwitz,* for the appellants (defendants).

*Harold F. Rosen,* for the appellee (plaintiff).

DICKENSON, J.   The appeal is from the denial of a motion to set aside the verdict and from the judgment. Many of the assignments of error are improperly taken and others find no support in the record.   The record contains no evidence upon which the denial of the motion to set aside the verdict may be tested, nor is the denial of a motion for nonsuit or a motion for a directed verdict properly assignable as error.   *Doolittle* v. *Otis Elevator Co.*, 98 Conn. 248, 249, 118 Atl. 818; *Callahan* v. *Jursek*, 100 Conn. 490, 492, 124 Atl. 31.

The defendants state in their brief that they rely upon three defenses to the action: an alteration of the note after execution, lack of consideration and the Statute of Limitations.   They further claim that they have a right of recovery under their cross-complaint. We must assume, in the absence of the evidence, that the decision of all of these claims adversely to them found support in the evidence, and we consider them only in relation to such assignments of error in the rulings of the trial court before and at trial, and in the charge, as are properly made.

After the plaintiff had filed his complaint setting up the demand note, upon which partial payments had been made but payment of the balance of which had been refused, the defendants filed a motion for disclosure asking that the plaintiff produce for their inspection itemized accounts of the consideration for the note and the payments thereon, and an itemized statement of demands for payment, and alleging that this information was necessary for the preparation of their defense; but they failed to make oath to their belief that such information was in the possession of the plaintiff, in accordance with the rule.   Practice Book, § 74.   The court denied the motion without memorandum.   If the court denied the motion because of the fact that, lacking the oath, it did not comply with

the rule, it would have been better to have called the attention of counsel to the fault, that it might have been remedied. See *Carlson* v. *Robertson,* 100 Conn. 524, 526, 124 Atl. 219. As, however, the motion was not in compliance with the rules, we cannot find error in its denial.

The defendants filed a motion for more specific statement on the same day that they filed the motion for disclosure, asking for the same information by reference to the motion for disclosure. This, too, was denied without memorandum. The complaint was complete on its face. The matter of requiring a more particular statement was largely within the discretion of the court. The complaint fully disclosed the ground of claim and, apparently in the opinion of the trial court, sufficiently defined the issues. General Statutes, § 5513; *Prince* v. *Takash,* 75 Conn. 616, 618, 54 Atl. 1003; *Dombroski* v. *Abrams,* 116 Conn. 454, 455, 165 Atl. 457. We cannot find error in the denial of the motion.

As regards the assignments of error in the rulings on the trial, consideration for the note was in issue and, in that connection, the plaintiff sought to show that the note in suit replaced a prior note. He testified that he took the old note to an attorney and a new note was made out from this. The attorney was called as a witness and, over the objection of the defendants, was permitted to testify that the plaintiff instructed him to figure interest on the old note and draw a new one. The objection to this testimony was that it was hearsay and self-serving in that it tended to establish the disputed existence of the old note. The testimony was admissible in explanation of the purpose of the delivery of the note to the witness. 6 Wigmore, Evidence (3d Ed.), § 1772 et seq.; and see

*Linahan* v. *Linahan,* 131 Conn. 307, 329, 39 Atl. (2d) 895.

The question of payments and the times these were made was in issue and the plaintiff testified that a payment was made to him on the day he registered for selective service. His registration certificate was admitted, over the defendants' objection, to establish this date. The defendants claimed this was "irrelevant and prejudicial." A document, otherwise irrelevant, may, in the discretion of the court, be admitted for the purpose of fixing a date; *Larkin* v. *Avery,* 23 Conn. 304, 317; and in this case we cannot find that the trial court abused its discretion.

The only other assignment of error in rulings on evidence that we deem it necessary to discuss relates to testimony of a stenographer, who, after examining the typewritten note in suit, testified that it looked to her as though it was all written at the same time. The defendants had objected to her testimony on the ground that she had not been qualified as an expert on comparison of typewriting. The trial court could reasonably understand the objection that she had not been qualified as an expert in comparison of typewriting as meaning that she had not pursued special studies or had special training as to the matter she was asked about, and, so understanding it, could properly overrule it in view of the evidence as to her experience. *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 381, 189 Atl. 876.

Error is assigned in the refusal of the court to allow counsel, in argument, to read passages from textbooks on questioned documents. The broad language in *State* v. *Wade,* 96 Conn. 238, 250, 113 Atl. 458, must be read in the light of, and cannot go beyond, our ruling in *Richmond's Appeal,* 59 Conn. 226, 244, 22 Atl. 82, where, reviewing earlier cases, we said that "the

reading to the court or jury of such books of science, art, or purely technical knowledge, necessary for an accurate apprehension of any relevant matter, as have been shown in evidence to be recognized by experts as standard authority, and by such proof in effect incorporated in and made part of the testimony of such witnesses, may be allowed or refused by the trial court in the exercise of its discretion." It does not appear that the requisite conditions had been met even to the point where the court had discretion to allow this. The ruling was correct.

While the defendants have assigned error in the failure of the court to charge in accordance with their requests, upon oral argument they waived all such assignments except one relating to damages claimed on the cross-complaint. In view of the fact that the jury found against them on the merits of their claim, this becomes immaterial and we do not discuss it.

The attack on the charge as given is, in substance, that the court, in commenting on the evidence relating to the defense of the Statute of Limitations, misstated it in several instances and also stated as facts matters which were only claims of the plaintiff. No objections to the charge on these grounds were made at its conclusion and we do not consider them. Practice Book, § 156.

There is no error.

In this opinion the other judges concurred.