JOHN J. KILEEN *v.* GENERAL MOTORS CORPORATION ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 168991
NEW HAVEN

Memorandum filed April 17, 1980

*Gerald H. Cohen,* for the plaintiff.

*John C. Flanagan,* for the named defendant.

*John J. Carta, Jr.,* for the defendant Bob Moran Olds-GMC, Inc.

MANCINI, J. On or about October 17, 1977, the plaintiff bought from the defendant retailer a new automobile which had been manufactured by the defendant manufacturer. The automobile was in use by the plaintiff until approximately August 29, 1978, when a fire, allegedly originating in the dashboard area of the automobile, destroyed the plaintiff's automobile and personal property contained therein. The plaintiff is suing the defendants for damages in three counts, strict liability in tort, war-

ranty and negligence. The defendant manufacturer requested that the plaintiff revise his complaint. This action is before the court on the plaintiff's objection to the request to revise.

In 1978, the former motion for a "more specific statement" was changed to a request to revise, to obtain a "more complete or particular statement." Practice Book, 1978, § 147 (1). Its function remains unaltered; Stephenson, Conn. Civ. Proc. § 113c; and the new motion serves essentially the same purpose. As such, prior case law as to the old practice book rule can be used to determine the applicability of the new section.

In *Brooks* v. *Borten,* 8 Conn. Sup. 463, the court stated: "The motion for more specific statement has for its limited purpose, the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense."

This concept was reinforced in *Cervino* v. *Coratti,* 131 Conn. 518, 520, when the Supreme Court held that there was no error in the denial of a motion for a more particular statement by the trial court where "the complaint fully disclosed the ground of claim and . . . sufficiently defined the issues."

In essence, the defendant requests specification by the plaintiff of the specific defect that made the automobile unreasonably dangerous, not of merchantable quality and unsafe for users. The necessity for such disclosure is stated to be so that "appropriate and direct disclosure and inquiries [could] be made in defense of this claim." The defendant's purpose appears to be to become as well informed as possible so that a credible and

strong defense can be established. A request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for trial but it is never appropriate where the information sought is merely evidential. *Tishkevich* v. *Connecticut Light & Power Co.,* 9 Conn. Sup. 6. The defendant is not entitled to know the plaintiff's proof but only what he claims as his cause of action. *Sebastianello* v. *Hamden,* 10 Conn. Sup. 283.

In alleging defectiveness some courts have held that "a specific defect in the product is not an essential element in establishing a cause of action." 63 Am. Jur. 2d, Products Liability § 15, and cases there cited. The Appellate Session of the Superior Court in *Liberty Mutual Ins. Co.* v. *Sears, Roebuck & Co.,* 35 Conn. Sup. 687, 690, supported this contention in stating that in "the field of products liability the focus is on the product and not necessarily on its component parts." Speaking of a strict tort liability action, the court stated that it "is not necessary that the plaintiff . . . establish a specific defect so long as there is evidence of some unspecified dangerous condition." Id., 691. Thus, a plaintiff could recover in a products liability action even if a specific defective condition cannot be ascertained. The fact finder can find, where other identifiable causes are absent, that the mere evidence of a malfunction is sufficient evidence of a defect. Id.

It must be noted that in Practice Book Form No. 804.7, specific defects in a product are alleged and specified in the sample complaint. It has been held, however, that these forms in the Practice Book are "merely illustrative" and that the "language is not mandatory." *Connecticut Savings Bank* v. *Hanoman Realty Corporation,* 168 Conn. 554, 557–58. They "do not carry the force of law." Id.

The objection to the request to revise is sustained.