[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S REQUEST TO REVISE (102)
The plaintiff, Anthony Golino, brought this two count slander action on March 14, 1988 against Mary MacDonald, a police detective. The first count alleges slander with reckless disregard for truth or falsity. The second count alleges negligence. The plaintiff alleges that during the time when the defendant was investigating a murder she told many people that she thought the plaintiff was guilty of murder. Later all criminal charges against the plaintiff were dismissed. The plaintiff alleges that the defendant continued to make statements that the plaintiff was guilty.
On November 1, 1988 the defendant filed a 16 paragraph request to revise, directed to both counts of the complaint. The plaintiff objected on November 30, 1988, arguing that the CT Page 3072 complaint is sufficient to put the defendant on notice of the claims.
On December 21, 1988, the plaintiff filed a reply to the objection to the request to revise arguing that the objection was not timely nor in the form prescribed by Conn. Practice Bk. 149.
At the outset, the objection was filed in a timely manner. The request itself was filed on November 1 and the objection was filed on November 30, before 30 days had elapsed.
The defendant argues that plaintiff's objection is not in form prescribed by Conn. Practice Bk. 149. The objection is required to set forth the portion of the pleading to be revised, the requested revision, the objections thereto, and the reasons therefor. Conn. Practice Bk. 149 (rev'd to 1978, as updated to October 1, 1989).
An examination of the objection reveals that the plaintiff has complied with Conn. Practice Bk. 149. See plaintiff's objection to the request to revise #103, #104.
Finally, the plaintiff objects to the request to revise, arguing that the defendant is using the request as a substitute for discovery.
The request to revise is governed by Conn. Practice Bk. 147, 148, and 149. It may be used to obtain:
 "(1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading."
Conn. Practice Bk. 147.
The purpose of the request to revise is to secure a statement of the material facts upon which the pleader is based. Kileen v. General Motors Corporation, 36 Conn. Sup. 347, 348
(Super.Ct. 1980). "The test is not whether the pleading discloses all that the adversary desires to know in aid of his own CT Page 3073 cause, but whether it discloses the material facts which constitute the cause of action." Id. See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 220-221
(1987).
Whether a more particular statement is required is largely within the discretion of the court. Cervino v. Coratti, 131 Conn. 518,520 (1945). The request to revise may not be used as a substitute for discovery. Kileen, 36 Conn. Sup. at 349 (Super Ct. 1980).
The first paragraph of the request to revise asks the plaintiff to separate each slanderous publication into a separate count. Each defamatory publication must be pled in separate count. Yavis v. Sullivan, 137 Conn. 253, 261 (1950). The court grants paragraph one of the request to revise.
Paragraphs two through five request to revise requests the plaintiff to plead the exact defamatory words, the person to whom the statements were made, when the statements were made, the place and context of the statement.
These specifics are evidentiary and therefore proper matters for discovery, because the material facts upon which the pleading is based are already pled. See Kileen, 36 Conn. Sup. at 349
(Super.Ct. 1980). Therefore the request is denied as to paragraphs two through five.
The remainder of the request to revise cites certain words and phrases and seeks to have them deleted as immaterial, impertinent, unnecessary, repetitious, scandalous and prejudicial allegations, and requests the addition of alleged elements of the cause of action.
Paragraphs six through sixteen of defendant's request to revise is denied.
DONALD T. DORSEY, JUDGE