[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO REQUEST TO REVISE NOS. 16, 17, 19, 20 AND 25
"Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . the arty desiring . . . such amendment in an adverse party's pleading may file a time request to revise that pleading." Conn. Practice Bk. Section 147 (1978). A request to revise which seeks to obtain a more complete or particular statement was formerly known as a motion for a more specific statement. Kileen v. General Motors Corporation, 36 Conn. Sup. 347, 348 (1980). The purpose of the two motions is the same, therefore, "prior case law on the old practice book rule can be used to determine the applicability of the new section." Id. at 348.
 In Brooks v. Borten, 8 Conn. Sup. 463
(1940), the court explained that:
 The motion for a more specific statement has for its limited purposes, the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense.
 Id. A request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case, but it is never appropriate where the information sought by the moving party is merely evidential. Kileen, supra, at 349. The defendant is entitled to know the plaintiff's cause of action, but not the plaintiff's proof. Id.
CT Page 8310
Hitchew, et al v. Paul Caron d/b/a, 14 CLT 10.
The plaintiff's motion objecting to paragraphs 16, 17, 19, 20, and 25 is sustained.
W. JOSEPH McGRATH, JUDGE