[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO REVISE
The plaintiff commenced this action in the small claims division of the Superior Court. The plaintiff's small claim complaint alleges that it "provided advertising to the defendant for which the plaintiff expected to be paid." The defendant filed a motion to transfer the action to the regular docket of the Superior Court, together with a supporting affidavit. The motion to transfer was granted. The plaintiff filed a new complaint. In paragraph 3 of that complaint the plaintiff alleges: "On differing dates, commencing on or about June 1990 the plaintiff performed professional services for the defendant, on account."
Pursuant to Practice Book 147, the defendant has requested that the plaintiff revise its complaint "by clarifying what is meant by `performed professional services for the defendant, on account.'" The plaintiff has objected to this request.
In support of its objection, the plaintiff has cited Prince v. Takash, 75 Conn. 616 (1903), and Itzkowitz v. Markow,12 Conn. Sup. 68, 69 (Cm. Pl. 1943). In Prince, the court stated that "[t]he power of a trial court, as affirmed in the Practice Act, to direct a fuller and more particular statement of the ground of a claim or defense contained in any pleading, is largely discretionary, to be exercised with caution, and never for frivolous or unsubstantial reasons." Prince v. Takash, supra, 619. Here, however, CT Page 3798 the plaintiff's complaint divulges nothing as to the nature of the "professional services" allegedly provided to the defendant. Nor may the plaintiff rely on the allegations of its small claims complaint to supplement its new complaint. "The filing of the amended pleading is a withdrawal of the original pleading." Royce v. Westport, 183 Conn. 177, 179 (1981), and see cases cited therein.
The plaintiff also relies on Kileen v. General Motors Corporation,36 Conn. Sup. 347 (1980), in which the court sustained an objection to a request to revise the complaint in a products liability action. The complaint averred that "a fire, allegedly originating in the dashboard area of the automobile, destroyed the plaintiff's automobile and personal property contained therein." Ibid. However, the complaint did not allege a specific defect. Kileen relied largely on Liberty Mutual Ins. Co. v. Sears, Roebuck Co., 35 Conn. Sup. 687 (App. Sess. 1979), which held that "[i]t is not necessary that the plaintiff in a strict tort action establish a specific defect so long as there is evidence of some unspecified dangerous condition." Id., 691. This rule was later adopted by the Appellate Court in Living Learning Centre, Inc. v. Griese Custom Signs, Inc., 3 Conn. App. 661,664-666 (1975). This rule necessarily attenuates the pleading requirements in a products liability action. However, the rule is limited to that area of tort law. Cf. id., 664.
The plaintiff relies also on that passage in Kileen which states: "In Brooks v. Barton, 8 Conn. Sup. 463, the court stated: `The motion for more specific statement has for its limited purpose, the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or defense.'" Kileen, supra, 348. Insofar as the plaintiff interprets this as holding that a complaint which states a good cause of action is generally not amenable to a request to revise, the plaintiff is mistaken. Such a rule would improperly impress the standard applied to a motion to strike — which tests the legal sufficiency of a complaint; Practice Book 152; Noble v. Marshall, 23 Conn. App. 227,228-229 (1990) — on a request to revise. This would effectively render the latter procedural vehicle a dead-letter. The "rules of statutory construction apply equally to the rules of practice" and it cannot be presumed that the judges of the superior court who drafted and enacted the rules intended such a result. Wilcox Trucking Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,424 (1989), cert. denied, 214 Conn. 804 (1990).
"Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's CT Page 3799 pleading . . . the party desiring such an amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book 147; see Fuessenich v. DiNardo, 195 Conn. 144, 148
(1985). "A motion for a more specific statement of a pleading, while based upon rules of court and decisions of our Supreme Court. . . on matters of procedure, is largely based upon equity, justice and `common sense', rather than strict rules of law." Reynolds v. Nettleton, 9 Conn. Sup. 418, 419 (1941). Here, however, all four criteria militate that the plaintiff's objection be overruled.
BRUCE L. LEVIN, JUDGE