[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST TO REVISE #102
On June 19, 1992, the defendant filed a request to revise. The defendant requested that the plaintiff delete paragraph 6 from her complaint; make a more particular statement in paragraph 7 to identify the specific injuries she claims; delete from paragraph 7 the phrase "including but not necessarily limited to the following"; and delete paragraph 11 in its entirety or, in the alternative, make a more particular statement as to her diminution of her earning capacity. On June 22, 1992, the plaintiff filed an objection to the request to revise and certain amendments to the complaint. The plaintiff filed an amended paragraph 6 of the complaint and deleted the word "potential" from paragraph 11 of the complaint as the defendant requested.[1]
The request to revise is governed by Practice Book 147 through 149. A request to revise is used to obtain a more complete and particular statement, the deletion of improper allegations, or the separation of causes of action which are improperly combined in a single count. Practice Book 147.
Request for More Complete and Particular Statements
The purpose of a request for a more complete or particular statement is
 "the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action. . . . "
(Citation omitted). Kileen v. General Motors Corp., 36 Conn. Sup. 347,348, 421 A.2d 874 (Super.Ct. 1980). A request to revise "is never appropriate where the information sought is merely evidential." (Citation omitted). Id., 349. "The defendant is not CT Page 11586 entitled to know the plaintiff's proof but only what he claims as his cause of action." Id.
Section 108 of the Practice Book provides in relevant part, that "[e]ach pleading shall contain a plan and concise statement of the material facts on which the pleader relies. . . ." Practice Book 108. It is submitted that if the court finds that the plaintiff's allegations are sufficiently specific to satisfy the requirements of 108 and that the information the defendant seeks is merely evidential then the plaintiff's objection to request number two should be sustained.
Request for Deletion of Improper Allegations
"The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981). Specifically, 174(2) allows a party to request "the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations. . . ." Practice Book 147(2).
Practice Book 108 requires that a claim be supported by "a plain and concise statement of material facts on which the pleader relies. . . ." Practice Book 108. The purpose of discovery "is to permit, prior to trial, the narrowing of the issues and the securing of pertinent evidence for use at the trial." Lamar v. St. Mary's Hospital Corporation, 31 Conn. Sup. 335, 336, 330 A.2d 107
(Super.Ct. 1974).
The court finds as follows:
The plaintiff's objection to paragraph seven is overruled. Since the other paragraphs have either been withdrawn or amended, the court does not rule on them.
McGRATH J.