[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has filed a motion to strike the complaint in its entirety. The motion is based on three grounds. First, the defendant claims that the complaint is legally insufficient because there is "no factual support other than Mr. Fiorentino's [the Assistant Attorney General who drafted the complaint] say-so." The second basis is that the prayer for relief is unconstitutional because the state seeks:
 To prevent a person from the right to pursue happiness, the right to make an honest living, right to freedom of speech and the right to freedom of the press.
The final basis for the motion to strike is that necessary parties were omitted from Counts four through nine. The plaintiffs are the State of Connecticut and the Attorney General. The defendants are Douglas McCarroll and two of his associates. The complaint alleges that McCarroll engaged in systematic misrepresentation and deceit during numerous solicitations for various charitable organizations and causes. The State alleges that McCarroll created charities, solicited funds for them and then improperly dissipated the funds he received. It further alleges that McCarrol [McCarroll] solicited and received funds for the following organizations: Waterbury Crime Prevention Manual/Waterbury Drug Awareness Guide; Naugatuck Crime Prevention Manual; Bristol Crime Prevention Manual/Bristol Drug Awareness Guide; Southbury Crime Prevention Manual and Drug Awareness Guide; Cheshire Crime Prevention Manual and the Support Our Troops Association.
The first ground for the motion to strike is insufficient to strike the complaint. The complaint contains concise factual statements of the allegations against McCarroll in accordance with Section 108 of the Practice Book. There is no requirement that complaints contain affidavits or have any CT Page 5730 evidentiary material appended to them. Kileen v. General Motors Corp., 36 Conn. Sup. 347, 421 A.2d 874 (1980).
The defendant has improperly advanced various constitutional challenges to the plaintiffs' demand for relief in the form of a motion to strike. Claims of unconstitutionality are improperly raised in a motion to strike. A proper way to raise this challenge is by way of a special defense. State v. Cancer Fund of America,1 Conn. L. Rptr. 311 (1990).
The defendant contends that the plaintiffs have failed to name the people who are actually responsible for the misconduct that is alleged in Counts four through nine. McCarroll has named three of his associates as the culpable parties. There is no legal reason for the State to name these parties. While they might have committed various crimes against the public while they were soliciting funds for McCarroll's various charities, they are unnecessary in the determination of whether McCarroll violated the law as alleged.
The Connecticut Supreme Court has established the following tests to determine whether a party is "necessary":
 In Sturman v. Socha, 191 Conn. 1, 627, 463 A.2d 527 (1983) we defined "necessary parties" as "`[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and to complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. `Shields v. Barrow [58 U.S. (17 HOW) 130, 139, 15 L.Ed. 158 (1854)]. . . ." In short, a party is "necessary" if its presence is "absolutely required in order assure a fair an equitable trial." Id., 7. Biro v. Hill, 214 Conn. 1, 4-5, 570 A.2d 182 (1990).
No matter what the liability of the persons that CT Page 5731 McCarroll is attempting to blame for the violations of law that are claimed in the complaint, there is nothing to prevent the court from assessing the evidence presented and deciding whether McCarroll engaged in the alleged conduct. For the foregoing reasons, the motion to strike is denied.
By The Court
Aurigemma, J.