[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' REQUEST TO REVISE
On August 9, 1994, the plaintiffs, Elizabeth Mitchell, Steven Mitchell, Heather Mitchell and Eric Mitchell, filed an amended complaint against the defendants, Joseph Amato and Cheryl Amato, alleging negligence/negligence per se, strict liability for statutory violations, breach of contract, CUTPA violations, detrimental reliance and breach of an oral contract. The complaint is founded upon allegations that Heather Mitchell and Eric Mitchell sustained lead poisoning by eating and inhaling lead paint while residing on the subject premises leased to the plaintiffs by the defendants.
On September 1, 1994, the defendants filed a request to revise portions of the first and second count of the plaintiffs' complaint. On September 28, 1994, the plaintiffs filed objections to the defendants' requests to revise.
"[A] request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." (Footnote omitted.) Royce v. Westport, 183 Conn. 177,180, 439 A.2d 298 (1981). A request to revise may properly be used to obtain "(1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly united in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading. . . ." Practice Book § 147; see Royce v.Westport, supra, 180. CT Page 12808
Pursuant to Practice Book § 147(1), a request to revise may seek a more specific statement than was alleged in the adverse party's pleading. The purpose of such a request to revise is to secure "a statement of the material facts upon which the adverse party bases his complaint or defense."Kileen v. General Motors Corporation, 36 Conn. Sup. 347, 348,421 A.2d 874 (Super.Ct. 1980). "The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense." Id. The "requiring of a more particular statement . . . [is] largely within the discretion of the court."Cervino v. Coratti, 131 Conn. 518, 520, 41 A.2d 95 (1945).
The request to revise "shall set forth for each requested revision, the portion of the pleading sought to be revised, the requested revision, and the reasons therefore, followed by sufficient space in which the party to whom the request is directed can insert an objection and reasons therefore." Practice Book § 148.
REQUESTED REVISION NO. 1;
The defendants request that the portion of the plaintiffs' complaint that reads "FIRST COUNT: (NEGLIGENCE/STATUTORY NEGLIGENCE PER SE)" be revised by deleting the portion of the caption of the first count that states that the plaintiffs are bringing a negligence per se cause of action. The defendants argue that "negligence per se" is not a cause of action separate and distinct from a traditional negligence count.
The plaintiffs oppose the requested revision arguing that count one does not state a separate cause of action for "negligence per se". The plaintiffs claim that count one is a negligence count that merely includes the "per se" criteria as set forth in Gore v. People's Savings Bank, 35 Conn. App. 126, ___ A.2d ___ (1994).
"The doctrine of negligence per se serves to superimpose a legislatively prescribed standard of care on the general standard of care." Staudinger v. Barret, 208 Conn. 94, 101,544 A.2d 164 (1988). "To establish negligence in a negligence per se case, the jury need only decide whether the defendant violated the relevant statute or regulation." Id. The CT Page 12809 portion of the caption of the first count referring to a negligence per se cause of action should be deleted as unnecessary, impertinent and immaterial to the stated cause of action, since "negligence per se" can be substantively pled under the heading of negligence. Accordingly, the plaintiffs' objection to the defendants' first requested revision of the plaintiffs' complaint is overruled.
REQUESTED REVISION NO. 2;
The defendants request that the second sentence of paragraph seven[1] of the first count of the plaintiffs' complaint be deleted as unnecessary and repetitious of the allegations already contained in paragraph 17[2] of the first count. In the alternative, the defendants request a more specific statement of the "treatments" that the plaintiffs have undergone for the alleged lead poisoning.
The plaintiffs oppose the requested revision arguing that the tests alleged are relevant to liability as addressed in paragraph seven as well as to damages as addressed in paragraph seventeen.
The second sentence of paragraph seven is neither unnecessary nor repetitious of the allegations as contained in paragraph seventeen of the first count. Accordingly, the plaintiffs' objection to the defendants' second requested revision is sustained.
REQUESTED REVISION NO. 3;
The defendants request that the plaintiffs delete subparagraphs (a)[3] and (c)[4] of paragraph 16 of the plaintiffs' complaint in that these claims are presently, and more properly, stated in the second count of the plaintiffs' complaint alleging a claim of "strict liability for statutory violations." In the alternative, the defendants request that the plaintiffs delete the portions of subparagraphs (a) and (c) that purport to paraphrase the content of the subject statutes.
The plaintiffs oppose this requested revision, arguing that subparagraphs (a) and (c) may properly be alleged in either a "negligence per se" or a "strict liability for statutory violations" cause of action. CT Page 12810
"Because we construe [General Statute § 47a-8] as . . . lacking any provision for an excuse for the violation, we conclude that the legislature intended that the statute provide for strict liability. . . ." Gore v. People's SavingBank, supra, 35 Conn. App. 135-36. It is, therefore, found that subparagraphs (a) and (c) of paragraph 16 are erroneously set forth in count one of the plaintiffs' complaint alleging a cause of action for negligence. Accordingly, the plaintiffs' objection to the defendants' third requested revision of the plaintiffs' complaint is overruled.
REQUESTED REVISION NO. 4;
The defendants request that subparagraphs (a) and (b) of paragraph 16 of the second count of the plaintiffs' complaint be revised by deleting the portions of these subparagraphs that attempt to paraphrase the terms of the statutes stated therein.[5] The defendants argue that the plaintiffs' claim is adequately made by merely alleging a violation of the relevant statute.
The plaintiffs object to this requested revision arguing that subparagraphs (a) and (b) of paragraph 16 of the second count of the plaintiffs' complaint are well-pleaded in that they precisely set forth the factual and legal issues of the pleading.
Practice Book § 108 states, in pertinent part, that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." A paraphrased characterization of a relevant statute is a conclusory statement which is inappropriate in the context of a plaintiffs' complaint. Accordingly, the plaintiffs' objection to the defendants' fourth request to revise is overruled.
Leuba, J.