[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
CT Page 3091
This is a mortgage foreclosure action. The defendants, David Suares, Thomas Spinola and Evans Vochis, each have filed requests to revise the plaintiff, Fleet National Bank's complaint pursuant Practice Book § 10-35 et seq. The plaintiff has objected to each of the requests to revise.
"The motion for more specific statement has for its limited purpose, the securing of a statement of the material facts upon which the adverse party bases his complaint of defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause but whether it discloses the material facts which constitute the cause of action or ground of defense." Brooks v. Borten, 8 Conn. Sup. 463 463 __ A.2d __ (1940).
The defendants, Spinola and Vochis, have requested that paragraph fifteen of the plaintiff's complaint be revised to include the date of the alleged default on the mortgage. "[A] foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the rightof foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Emphasis added; internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp. ,246 Conn. 594, 610, 717 A.2d 713 (1998). Here, the plaintiff has not disclosed the date on which the defendants allegedly defaulted on the mortgage, but has merely alleged that" [t]here was a failure to make certain payments when due under the Note, as amended, and the mortgage, as amended." (Complaint, ¶ 15.) The court finds that the plaintiff has not specifically alleged the facts describing the nature of the default. See Practice Book §10-1 ("Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . ."). Accordingly, the plaintiff's objections are overruled.
The defendant, David Suares, requests that the plaintiff allege the last date that Suares made payment on the note, and the date the plaintiff received the last payment on the note. A foreclosure complaint must allege the nature of default, but need not allege the date of the last payment or the date of the CT Page 3092 receipt of the last payment. See New England Savings Bank v.Bedford Realty Corp. , supra, 246 Conn. 610. Accordingly, the plaintiff's objection is sustained.
Suares also requests that the plaintiff append to the complaint a copy of the demand letter. "A request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for trial but it is never appropriate where the information sought is merely evidential. . . . The defendant is not entitled to know the plaintiff's proof but only what he claims as his cause of action." (Citation omitted.) Kileen v.General Motors Corp. , 36 Conn. Sup. 347, 349, 421 A.2d 874
(1980). Accordingly, the plaintiff's objection is sustained.
For the foregoing reasons, the plaintiff's objections to the requests to revise filed by the defendants Spinola and Vochis, #120 and #121, are and the objection to Suares' request to revise, #119, is sustained.
HICKEY, J.