[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR DEFAULT FOR FAILURE TO COMPLY WITH REQUEST TO REVISE (#24); DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF (#26)
CT Page 15995
On July 8, 1999, the plaintiffs, John and Carmen Lewis, filed a four count complaint against the defendants, David Bunnell, as well as Ralph G. Sorley, Jr. and Stephanie B. Sorley, d/b/a SRS Enterprises, alleging the following facts. The plaintiffs are residents of the Bay Colony Mobile Home Park located at 301-30 Main Street, Newtown, Connecticut. The Sorleys own the lot that the plaintiff's lease and upon which their mobile home is located, and Bunnell is the manager of the mobile home park. In count one, the plaintiff's claim that the defendants engaged in a course of conduct breaching the plaintiffs' right to peaceful enjoyment of their tenancy. In counts two and three, respectively, the plaintiffs allege that the defendants' actions constitute intentional infliction of emotional distress and negligent infliction of emotional distress. In count four, the plaintiffs allege that the defendants' conduct constitutes a violation of Connecticut's Unfair Trade Practices Act (CUTPA).
A history of the litigation is relevant to the motions before the court. The complaint was filed in the Superior Court, judicial district of Fairfield at Bridgeport, Housing Session at Bridgeport. On June 24, 1999, a general appearance was entered on behalf of Bunnell. On July 21, 1999, a general appearance was entered on behalf of the Sorleys. On July 26, 1999, the Sorleys moved to dismiss the action for improper venue or, alternatively, for the case to be transferred to the judicial district of Danbury for full disposition. On August 5, 1999, the court, Cocco, J., ordered the case transferred to the judicial district of Danbury. On November 26, 1999, the plaintiffs moved for default against all defendants because they failed to file a responsive pleading to the complaint. On December 2, 1999, Bunnell filed a request to revise the complaint.[1] The Sorleys, on the other hand, filed an answer and special defenses on December 3, 1999.
On January 27, 1999, Bunnell filed a motion for default against the plaintiffs because the plaintiffs failed to respond to his request to revise.[2] On February 1, 2000, the motion for default was granted. On February 2, 2000, the plaintiffs filed an objection to the motion for default, accompanied by a memorandum of law in support of the motion. On CT Page 15996 March 3, 2000, the defendant filed a memorandum in opposition to the plaintiffs' objection, as well as a motion for nonsuit against the plaintiffs for failure to respond to the request to revise. The court heard the defendant's motions and the plaintiffs' objection and found in favor of the defendant. On March 15, 2000, the court, Resha, J., overruled the plaintiffs' objection to the defendant's motion and nonsuited the plaintiffs as to the defendant Bunnell.
On March 20, 2000, the plaintiffs filed a motion to reargue the court's March 15, 2000 decision concerning their objection to the defendant's motion for default, which motion to reargue was also denied by the court. On June 5, 2000, the plaintiffs filed a motion to open the judgment of default, which motion was granted by the court, Resha, J. In granting the plaintiffs' motion to open the judgment of nonsuit, the court, Resha, J., also ordered the plaintiffs to file an amended complaint in conformity with the defendant's request to revise. That order and the subsequent amended complaint filed by the plaintiffs is the subject of the defendant's motions for default and sanctions currently before the court.
Practice Book § 17-19 (formerly § 351) provides, in relevant part, that "[i]f a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority." Id. This Practice Book section "plainly authorizes the trial court to enter a nonsuit [or judgment in default] for noncompliance with its orders." Jaconski v. AMF, Inc., 208 Conn. 230, 232, 543 A.2d 728
(1988). Furthermore, "the trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules . . . In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that it is the responsibility of the court to establish standards for the processing of cases and also, when necessary, to enforce compliance with such standards." (Citations omitted, internal quotation marks omitted.) Id., 233. See also Rodriguez v. Mallory Battery Co., 188 Conn. 145, 150,448 A.2d 829 (1982) ("Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be.").
The defendant moves the court to enter a default judgment against the plaintiffs for failure to comply with the court's order to amend their complaint in conformity with the defendant's request to revise. Specifically, the defendant argues that the amended complaint fails to revise the following specific paragraphs. In count one, ¶ 5a, the plaintiffs fail to allege the dates or adequately inform the defendant of the alleged assault and racial slurs. The defendant contends that this CT Page 15997 information is necessary for his defense and for the determination of whether the plaintiffs' claims are barred by a statute of limitations. In count one, ¶ 5b, the defendant argues that the plaintiffs fail to specify the exact rules and regulations they are referring to, i.e., what binding document issued governing the conduct of mobile home residents and the specific rules in that document on which the plaintiffs rely. In count one, ¶ 5c, the defendant argues that the plaintiffs fail to specify which of the defendants committed the act alleged. In count one, ¶ 5d, the defendant argues that the plaintiffs fail to specify which of the defendants committed the act complained of and the dates of each event. The defendant argues, again, that the dates are necessary to a determination of whether the plaintiffs' claim is barred by a statute of limitations. In count one, ¶¶ 5e and 5f, the defendant argues that the plaintiffs fail to specify the rules and regulations they are referring to in their allegations. In count one, ¶ 5g, the defendant argues that the plaintiffs fail to specify dates or identify the defendant to which they are referring, or to specify what complaints involving other tenants to which they are referring. Accordingly, the defendant contends, the plaintiffs fail to adequately identify each event or the nature of the alleged civil rights violation. All of these paragraphs in the plaintiffs' amended complaint are incorporated and realleged in the remaining counts of the amended complaint.
In opposition to the defendant's motion for default, the plaintiffs counter that the defendant's motion is frivolous and in bad faith. Specifically, the plaintiffs argue that, prior to filing the amended complaint, the plaintiffs sent a copy to defendants' counsel via facsimile. The plaintiffs argue that, because the defendants' counsel failed to comment on the amended complaint, the defendant's motion for a judgment in default for the plaintiffs' failure to comply with the court's order to amend the complaint in conformity with the request to revise is brought in bad faith. The plaintiffs fail to cite any case law, nor can any be found, which supports their contention that the defendant had an affirmatiVe obligation to comment on the proposed amended complaint and that his failure to do so somehow waives his ability to move for default against the plaintiffs.
"The [request to revise] has for its limited purpose, the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense." (Internal quotation marks omitted.) Kileen v. GeneralMotors Corporation, 36 Conn. Sup. 347, 348, 421 A.2d 874 (1980). "A request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for trial but it CT Page 15998 is never appropriate where the information sought is merely evidential." Id., 349.
The defendant asserts that the plaintiffs failed to adhere to the court's order to amend the complaint in conformity with the request to revise, because the plaintiffs resorted to bringing allegations, some new, without reference to time, date or place. In turn, the defendant argues, he is prevented from properly pleading or defending against the plaintiffs' allegations. In his request to revise, the defendant requested revisions to paragraphs to include dates, times and places, so that the defendant could adequately defend against the plaintiffs' allegations. The defendant's request to revise did not elicit evidentiary information.
Practice Book § 10-1 provides, in relevant part, that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. If any such pleading does not fully disclose the ground of claim or defense, the judicial authority may order a fuller and more particular statement . . . ." Practice Book § 10-26 provides for separate counts in the complaint for separate causes of action. Thus, the defendant requested the plaintiffs to revise their complaint to set forth their causes of action, delineating the defendant against whom the allegations were being made in accordance with the relevant practice book sections.
The plaintiffs failed, however, to insert objections and reasons therefor on the defendant's request to revise, as they are entitled to do under Practice Book § 10-37(b).[3] Rather, the events detailed above ensued, culminating in Judge Resha's decision of March 15, 2000, nonsuiting the plaintiffs for failure to respond to the defendant's request to revise. Subsequent to this decision, the plaintiffs filed a motion to reargue Judge Resha's decision, as well as their objection to the defendant's motion for default. The court, Resha, J., denied the plaintiff's motion to reargue. The plaintiffs next moved to open the judgment of default, which motion the court, Resha, J., granted on June 19, 2000, and ordered the plaintiffs to amend their complaint in conformity with the request to revise.
As delineated in Practice Book § 10-1, the court has the inherent ability to order a fuller and more particular statement." On June 19, 2000, the court, Resha, J., ordered the plaintiffs to amend their complaint in conformity with the request to revise, thereby requesting a fuller and more particular statement of the plaintiffs' claims. The CT Page 15999 plaintiffs failed to amend their complaint in conformity with the request to revise and the defendant has again moved for a judgment in default.[4]
"It has long been held that a trial court may enter a judgment of nonsuit against a party who fails to comply with an order to separate causes of action or for a more specific statement." Rodriguez v. Mallory BatteryCo., supra, 188 Conn. 150.
Further, the defendant has moved the court for sanctions in which the defendant requests attorney's fees. "[A] trial court in this state has the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated." (Internal quotation marks omitted.) CFM of Connecticut, Inc. v. Chowdhury, 239 Conn. 375,393, 685 A.2d 1108 (1996), overruled on other grounds; State v. Salmon,250 Conn. 147, 155, 735 A.2d 333 (1999). Thus, while a prevailing litigant is not entitled to attorney's fees, the rule does not apply where the opposing party acted in bad faith. Fattibene v. Kealey,18 Conn. App. 344, 360, 558 A.2d 677 (1989). "This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation." (Internal quotation marks omitted.) Id.
"Like other sanctions attorney's fees certainly shall not be assessed lightly or without fair notice and an opportunity for a hearing on the record." (Internal quotation marks omitted.) Fattibene v. Kealey, supra,18 Conn. App. 353.
The defendant's motion for nonsuit is granted for reasons stated herein.
The defendant's request for sanctions will be decided after a hearing following the submission of defendant's itemized claimed attorney's fees and appropriate affidavits.
Holden, J.