[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: REQUESTS TO REVISE
The plaintiff is Isabelle Fernandes, an unemancipated minor who brings this action through her mother, Marilyn Fernandes. On March 11, 2002, the plaintiff brought a complaint against the defendants, Gene Deary and Dawn Deary, seeking relief for damages and injuries that she sustained when she was allegedly exposed to toxic lead-based paint while living as a tenant in a home (Dwelling) located in Wauregan, Connecticut, that was owned and leased to the plaintiffs parents by the defendants. The five count complaint alleges negligence, negligence per se, breach of implied warranty of habitability, breach of the covenant of quiet enjoyment, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The gravamen of the complaint alleges the defendants had actual or constructive knowledge of the latent hazardous defective condition in the Dwelling, that they failed to remedy the situation within a reasonable time after having notice, and that this and other acts and omissions were the cause of the plaintiffs injuries.
On April 17, 2002, the defendants filed an answer containing an affirmative defense to the complaint. The affirmative defense alleges that the plaintiffs injuries, if any, occurred as a result of exposure to airborne lead contaminants on premises that was not owned by the defendants and such exposure, therefore, was beyond the control of the defendants. On July 30, 2002, the defendants brought an apportionment complaint, pursuant to General Statutes §§ 52-102b[1] and52-572h,[2] against apportionment defendants, Virginio and Irene Fernandes, alleging, inter alia, that the plaintiff was exposed to toxic lead-based paint that originated from a property (Property) owned by the apportionment defendants in Plainfield, Connecticut. Specifically, the apportionment complaint alleges that the apportionment defendants had actual or constructive knowledge that the plaintiffs father was performing renovations on the Property and, as a result, his clothes would be contaminated with toxic lead laden dust which, in turn, contaminated the Dwelling where the plaintiff resided. The apportionment complaint further alleges that the apportionment defendants knew or should have CT Page 15430 known that the plaintiffs parents would bring the plaintiff to the Property during these the renovations and that the apportionment defendants failed to exercise reasonable care to protect the plaintiff from exposure to lead-based paint on the Property.
On August 19, 2002, pursuant to Practice Book § 10-35[3] et seq., the apportionment defendants filed a request to revise, #104, requesting that the defendants revise their apportionment complaint, and the plaintiff filed a request to revise, #105, requesting that the defendants revise their answer. On September 17, 2002, the defendants filed objections to the request to revise their answer and the request to revise their apportionment complaint, #106 and #107, respectively.
 DISCUSSION
"[T]he proper way to cure any confusion . . . [about what is being pleaded] is to file a motion to revise. . . ." Rowe v. Godou, 209 Conn. 273,279, 550 A.2d 1073 (1988); see also Parsons v. United TechnologiesCorp., 243 Conn. 66, 100, 700 A.2d 655 (1997). "The purpose of a request to revise is to secure a statement of the material facts upon which the adverse party bases his complaint or defense. . . . The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense." (Citation omitted; internal quotation marks omitted.) Knight v. Southeastern Council onAlcoholism, Superior Court, judicial district of New London, Docket No. CV 01 557182 (September 21, 2001, Hurley, J.T.R.), citing Kileen v.General Motors Corp., 36 Conn. Sup. 347, 348, 421 A.2d 874 (1980). "[A] request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for trial but it is never appropriate where the information sought is merely evidential. . . . The defendant is not entitled to know the plaintiffs proof but only what he claims as his cause of action." (Internal quotation marks omitted.) Summit Bank v. Riverview East Associates, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0173369 (August 9, 2000, Hickey, J.). The "requiring of a more particular statement . . . [is] largely within the discretion of the court." Cervino v. Coratti, 131 Conn. 518,520, 41 A.2d 95 (1945).
 A Objection to Request to Revise Answer #106
In the plaintiffs request that the defendants revise their answer, the CT Page 15431 plaintiff specifically requests that the defendants revise their affirmative defense to specify: the address of the alleged premises where exposure occurred, the names of the owners of said premises, and the dates of the alleged exposures. The plaintiff argues that the requested revision is necessary to properly inform the plaintiff of the nature and scope of the alleged defense. The defendants object to this request on the grounds that the apportionment complaint clearly sets forth the nature of the allegations and the reason for the affirmative defense.
The defendants' objection to the plaintiffs request to revise the defendant's affirmative defense is sustained, in part' and overruled, in part. It is sustained with respect to the request to specify the date (s) that the plaintiff was allegedly exposed to airborne contaminants. This request is evidentiary in nature and is therefore better obtained through the discovery process. See, e.g., Summit Bank v. Riverview EastAssociates, supra, Superior Court, Docket No. CV 99 0173369. The objection is overruled with respect to the request for the address of the alleged premises where exposure occurred and the names of the owners of said premises, as this information merely provides a clarification of broad based allegations in the defendants' special defense. See Parsonsv. United Technologies Corp., supra, 243 Conn. 100.
 B Objections to Request to Revise Apportionment Complaint #107
The defendant's objections to the apportionment defendants' requests to revise are as follows:
 1 First Requested Revision
The apportionment defendants first request that the defendants revise paragraph 3a of the apportionment complaint to specify the dates that the apportionment defendants allegedly owned the Property. This requested revision is evidentiary in nature and, as such, the defendants' objection to this request is sustained. See, e.g., Summit Bank v. Riverview EastAssociates, supra, Superior Court, Docket No. CV 99 0173369.
 2 Second Requested Revision
Secondly, the apportionment defendants request that the defendants CT Page 15432 revise paragraphs 3a-h of the apportionment complaint to separate the allegations in paragraph 3a-e into a separate count from the allegations in paragraph 3 f-h. Because the count alleges two distinct causes of the injury, separation of the count will cure any confusion about what is being pleaded. See Rowe v. Godou, supra, 209 Conn. 279. Accordingly, the defendants' objection to this request is overruled.
 3 Third Requested Revision
Finally, the apportionment defendants request that the defendants revise paragraphs 3f-h of the apportionment complaint to separate allegations of actual and constructive notice. The court finds that allegations of actual and constructive notice within a negligence cause of action is not improper in this instance. Accordingly, the defendants' objection to the apportionment defendants' requested revision is sustained.
Foley, J.