LYNDA T. SLEPSKI *v.* WILLIAMS FORD, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

---

Argued October 15—decision released December 16, 1975

*Edward S. Ludorf,* for the appellant (defendant Ford Motor Company).

*Chester S. Sledzik,* for the appellant (defendant Williams Ford, Inc.).

*James M. Marinelli,* with whom, on the brief, was *William V. Dworski,* for the appellee (plaintiff).

Longo, J.   This appeal arises from an action brought by the plaintiff, Lynda T. Slepski, seeking damages for injuries she suffered in an automobile accident involving one car, which the plaintiff owned and was driving when the accident occurred. On a trial to the jury, a verdict was rendered against the two defendants, Williams Ford, Inc., a retail used car dealership from which the plaintiff had purchased the automobile, and Ford Motor Company, manufacturer of the automobile. The defendants have been permitted to join together for the purpose of taking this appeal from the judgment, claiming as error the refusal by the trial court to set aside the jury's verdict on the grounds that it was contrary to law and against the evidence. The defendants also claim as error the denial of their motion, made under Practice Book § 255,

requesting that the verdict be set aside and that judgment be entered for the defendants in accordance with their motion for a directed verdict.

The jury was charged solely on the theory of strict liability in tort and all the parties agree that the only principles of law at issue in this appeal arise under that theory. This court is in accord with the rule in § 402A of the Restatement (Second) of Torts regarding strict liability.[1] *Garthwait* v. *Burgio,* 153 Conn. 284, 289, 216 A.2d 189.

Under § 402A there are certain conditions precedent to recovery, including proof by the plaintiff that the product "caused physical harm to the consumer or user or to his property" and that the product was "in a defective condition unreasonably dangerous to the user or consumer or to his property." *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 561, 562, 227 A.2d 418; annot., 13 A.L.R.3d 1057, 1075. The defendants' appeal is based on their claims that the plaintiff has not offered sufficient evidence from which the jury could find that a defect of the automobile was the proximate cause of the plaintiff's injuries and that the automobile was in an "unreasonably dangerous" condition. Therefore, it is necessary to examine

---

[1] "Special Liability of Seller of Product for Physical Harm to User or Consumer. (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

the evidence introduced at the trial. The sufficiency of the evidence to support a verdict is tested by the evidence as set out in narrative form in the briefs of the parties. See Practice Book §§ 631A and 632A.

In March of 1968, the plaintiff purchased a 1966 model Ford Mustang automobile at Williams Ford, Inc. There had been two previous owners and the odometer registered 41,000 miles at the time of purchase. The plaintiff testified that, while driving the automobile an additional 5000 miles in the four months prior to her accident, she had noticed a slight pull of the steering wheel toward the left, which she corrected by applying pressure on the wheel toward the right. On August 4, 1968, as she began to accelerate after making a complete stop at a traffic yield sign, the plaintiff stated that it seemed as if someone had pulled the steering wheel out of her hands and she could not keep the car on the road. The automobile veered sharply to the left and collided with a pole on the left side of the road, injuring the plaintiff.

A witness who had owned the vehicle prior to its purchase by the plaintiff testified that the vehicle had a definite pull to the left, and one who previously had driven the automobile stated that he had noticed a slight wobble on its left side. A metallurgist testifying for the plaintiff had examined the five spot welds designed to hold together the steel strut rod assembly and the frame members of the automobile's left wheel suspension, and he concluded that the welds were defective. His opinion was that two of the spot welds had failed three to six months after the car had been put into service and that the three remaining had separated prior to the impact

of the accident. An automotive mechanical engineer testified for the plaintiff that the failure of the two spot welds would place added stress on the remaining three, causing their progressive failure. The witness explained that the failure of all five welds would allow relative motion between the parts the welds were intended to join, destroying the ability of the structure to operate as designed and causing the vehicle to veer toward the left. Conflicting testimony was offered by the defendants' expert, who stated that a complete failure of all five spot welds would, at most, cause a rattle.

Where the plaintiff has introduced evidence which removes the issue of proximate cause from the realm of mere speculation, that issue "presents a question of fact for the trier." *Miranti* v. *Brookside Shopping Center, Inc.*, 159 Conn. 24, 27, 28, 266 A.2d 370; *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 316, 240 A.2d 881. The plaintiff is not required to show only one possible theory of causation, negating all others. *Terminal Taxi Co.* v. *Flynn*, supra, 318. As was done in this case, a plaintiff may rely on circumstantial evidence and expert testimony to prove causation. *Terminal Taxi Co.* v. *Flynn*, supra, 316; annot., 13 A.L.R.3d 1057, 1085. The evidence set out above includes several key elements tending to prove that a defective product was the proximate cause of the injuries to the plaintiff. See annot., 78 A.L.R.2d 460, 505. Lay witnesses gave testimony, corroborating that of the experts, from which the jury could conclude that there were defects which were present prior to the accident. The plaintiff presented expert testimony that those defects would cause the vehicle to pull sharply to the left. As to the conflicting expert testimony, the jury is free to accept or reject each expert's opinion

in whole or in part. *Birgel* v. *Heintz*, 163 Conn. 23, 30, 301 A.2d 249. In view of all of the evidence set out above, we find that the trial court was correct in declining to exercise its powers to direct a verdict or set the jury verdict aside, for "we cannot say as a matter of law that the evidence is such that the minds of fair and reasonable persons could reach but one conclusion thereby preventing the issues from being submitted to the jury." *Pinto* v. *Spigner*, 163 Conn. 191, 198, 302 A.2d 266.

There was also sufficient evidence to support the jury's conclusion that the automobile was "unreasonably dangerous." To be considered "unreasonably dangerous," the article sold "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Restatement (Second) of Torts, § 402A, comment i; see annot., 54 A.L.R.3d 352. It is the province of the jury to determine questions of fact. Maltbie, Conn. App. Proc. § 191. This includes those questions arising under § 402A, and the jury can draw their own reasonable conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large. *Cornelius* v. *Bay Motors, Inc.*, 258 Ore. 564, 575, 576, 484 P.2d 299. There was evidence in this case of the mileage on the odometer and the age of the vehicle. It was not improper for the jury to conclude that a two-year-old automobile, driven only 46,000 miles and having structural defects affecting the left front wheel suspension, is "unreasonably dangerous."

The evidence set out above fully supports the verdict of the jury as to liability. Therefore, the

rulings of the court on the defendants' motion to direct a verdict and their motion to set aside the verdict were free of error. See *Johnson* v. *Consolidated Industries, Inc.,* 153 Conn. 522, 524, 218 A.2d 380; *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872.

There is no error.

In this opinion the other judges concurred.