LIVING AND LEARNING CENTRE, INC. *v.* GRIESE CUSTOM SIGNS, INC.
(2076)

BORDEN, SPALLONE and DALY, Js.

Argued February 7—decision released April 30, 1985

---

*Leonard M. Bieringer,* for the appellant (defendant).
*Stephen E. Goldman,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action with a four count complaint, alleging breach of implied warranties of merchantability and fitness for a particular purpose, negligence and strict products liability arising out of the collapse of an outdoor illuminated sign. The jury returned a verdict in favor of the plaintiff on the count for strict products liability in the amount of $2000. The defendant has appealed from the judgment rendered on the verdict, claiming that the trial court erred in denying its motion for a directed verdict and its motion to set aside the verdict.

" 'Directed verdicts are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion.' " *Pinto* v. *Spigner,* 163 Conn. 191, 192–93, 302 A.2d 266 (1972).

"If the evidence in a case presents such a situation that the minds of fair and reasonable men could therefrom reach but one conclusion, there is no question for a jury. The case should be decided by the judge as essentially a question of law, and he may direct a verdict. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 23, 213 A.2d 449 [1965]. But if the evidence is such that honest and reasonable men could fairly differ and reach different conclusions, the issues should go to the jury for determination. *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174 [1965]." *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 317, 240 A.2d 881 (1968).

"A verdict of a jury prevails unless unsupported by the evidence . . . or unless it is so palpably against

the evidence as to indicate prejudice, partiality, corruption, confusion or lack of understanding of the issues by the jury. . . . The conclusion of a jury on issues of fact, if it is one at which honest men acting fairly and intelligently could arrive reasonably, must stand, even though the opinion of the trial court and this court might be that a different result should have been reached. The credibility of each witness and the weight to be accorded to his testimony is for the jury, and the evidence must be given the most favorable construction of which it is reasonably capable." *Harris* v. *Clinton,* 142 Conn. 204, 209, 112 A.2d 885 (1955).

Moreover, the decision of the trial court in refusing to set aside the verdict is entitled to great weight, and every reasonable presumption should be given in favor of its correctness. See Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) §§ 35, 61, 64.

The jury could readily have found the following facts: On or about June 17, 1974, the parties entered into a written contract whereby the defendant was to construct and install a free standing illuminated sign to be located at the plaintiff's place of business in Vernon. The sign was installed on July 22, 1974, after the town engineers approved the plans. The sign was supported by two heavy thirty-five foot steel beams or poles which were set in concrete footings. Certain sections at the top of the sign were replaced eight months later, but this was the only maintenance work ever performed by the defendant.

Between November 24, 1976, and March 22, 1977, the plexiglass sign cover was broken, and the interior of the sign was partially exposed to the elements. It rained during the evening of March 22, 1977. On March 23, 1977, the sign was found to be in a damaged condition. The poles supporting the sign had bent so that

the sign was hanging parallel to, and a few feet above the ground. There was no evidence that another object had come in contact with the sign, causing it to fall. The anticipated longevity of such signs is five years. Nothing of this nature had happened to approximately eighty similar signs installed by the defendant.

"In order to recover under the doctrine of strict liability in tort the plaintiff must prove that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. Restatement (Second), Torts § 402A (1965); see *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 562, 227 A.2d 418 [1967]." *Giglio* v. *Connecticut Light & Power Co.*, 180 Conn. 230, 234, 429 A.2d 486 (1980).

The plaintiff must prove the five elements in order to prevail on a strict tort liability claim. *Coe-Park Donuts, Inc.* v. *Robertshaw Controls Co.*, 1 Conn. App. 84, 86–87, 468 A.2d 292 (1983). The defendant claims that the plaintiff has failed to satisfy its burden with respect to the fourth element, the existence of a defect at the time of sale.

In the field of products liability, the focus is on the product and not necessarily on its component parts. It is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A of the Second Restatement of Torts. *Liberty Mutual Ins. Co.* v. *Sears, Roebuck & Co.*, 35 Conn. Sup. 687, 690–91, 407 A.2d 1254 (1979).

"The mere fact that there is sufficient evidence to infer a defect does not necessarily mean that there is sufficient evidence to infer that the defect existed at the time of sale. Normally, the questions of when and where a defect originated will be left to the jury. *Kuisis* v. *Baldwin-Lima-Hamilton Corporation,* 457 Pa. 321 [319 A.2d 914 (1974)]. Where the answers to these questions would be based only on speculation or conjecture, however, the answers cannot stand. *Smith* v. *Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 138 [153 A.2d 477 (1959)].

"The test for the sufficiency of evidence used to prove that a product was defective at the time of sale will be more difficult to meet where circumstantial, and not direct, evidence of the defect is produced. Where the jury are presented with sufficient direct evidence of a specific defect, either in design or in manufacture, the length of time between sale and injury may be of little consequence." *Liberty Mutual Ins. Co.* v. *Sears, Roebuck & Co.,* supra, 692.

"Where the evidence of a defect is wholly circumstantial and consists of the malfunction itself, however, the likelihood that the defect existed at the time of sale is more speculative. This is so because where a specific defect in design or manufacture is proved, the jury are presented with evidence of the condition of the product before it left the manufacturer's or seller's hands. No such evidence is put forward when the defect is circumstantially proved from the fact of the malfunction. This lack of evidence of the existence of a specific defect, though not fatal to the plaintiff's case, does require that the evidential bridge linking the defect with the time of sale be more substantial than might otherwise be appropriate. Although the amount of time between purchase and injury is a significant factor in the inferential equation, it is not the only one. To it must be added other factors that might account for an alter-

ation of the product after sale, including improper use, modification, tampering or improper maintenance. Annot., 54 A.L.R.3d 1079, 1092; 2 Frumer and Friedman, Products Liability § 16A [4] [e] [ii]. Taking these factors into consideration, we must look to the facts of each case to determine whether 'reasonable and well balanced minds [could] be satisfied from the evidence adduced that the defective condition existed when the [product] was delivered.' *Greco* v. *Bucciconi Engineering Co.*, 407 F.2d 87, 90 (3d Cir. [1969])." *Liberty Mutual Ins. Co.* v. *Sears, Roebuck & Co.*, supra, 693.

The jury could have concluded, due to the anticipated longevity of the sign, the lack of any external contact and its unique contortion, that it was reasonable to infer that any defect in the product existed at the time of sale.

There is no error.

In this opinion the other judges concurred.