[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND FOR ADDITUR (FILED 11/8/90) DEFENDANT'S OBJECTION TO MOTION TO SET ASIDE VERDICT AND OBJECTION TO REQUEST FOR ADDITUR (FILED 11/19/90)
Plaintiff predicates this motion to set aside verdict on two claims (1) "as to contributory negligence and damages because said verdict as to contributory negligence and damages is contrary to law against the evidence most specifically as to contributory negligence" and (2) "inadequate in its award of damage."
Plaintiff, and her passenger, then a friend, presently her husband, and plaintiff in a companion case against the same two defendants, both testified before this jury that plaintiff was stopped in the single southbound lane and were struck by the defendant operator who was proceeding eastbound, turning left into the two northbound lanes. Defendant operator testified before the same jury that he had a green light to enter the intersection and turn left into the two northbound lanes and that plaintiff's vehicle proceeding in the southbound lane did not stop and struck him.
The jury received instruction on credibility of the parties as witnesses. The jury received instruction on Connecticut General Statutes 52-572h and the doctrine of comparative negligence. A verdict form for comparative negligence cases was returned by the jury properly completed in accordance with the instruction given. (See 197, Connecticut Jury Instructions, Vol. 1, 2nd Ed., Wright).
The issue on comparative negligence rested solely within the province of this jury. Plaintiff and her passenger testified they were stopped. Defendant operator testified that plaintiff's vehicle did not stop. It was up to the jury to decide factual issues. It is the quality of the testimony not the quantity of the witnesses that the jury reviews and accepts or rejects in whole or in part.
Plaintiff in argument claimed a hearsay statement circulated in the courthouse as originating from two jurors waiting for an elevator, to the effect that it was hoped "it taught her (plaintiff, I suppose) a little humility" was an indication of prejudice against plaintiff on the part of the jury. CT Page 3909
This rumor based entirely on hearsay fails to support any claim or conclusion that this jury was influenced by partiality, prejudice or corruption.
It is the function of the jury to weigh the conflicting evidence and to determine the credibility of the witnesses. The jury obviously reconciled the conflicting testimony presented to them on the facts and applied the comparative negligence doctrine as the controlling law. There is no basis to disturb the verdict returned on plaintiff's first claim.
Plaintiff also moves to set aside this verdict as being inadequate and requests additur.
Judge Berdon in Barbieri v. Taylor, 37 Conn. Sup. 1 (1980) has recorded the basic and fundamental law controlling the adequacy of a jury award of damages.
 "the evidential underpinnings of the verdict itself must be examined."
The medical expenses approximated $2,700.00. Her claim of lost wages of approximately $4,500.00 were not solidly substantiated by her employer. The jury had all documents in evidence for medical expenses and heard testimony concerning her employment and income.
 ". . . the amount of damages is within the province of the jury. . . .To justify setting aside a verdict something more than a doubt of its adequacy must exist. . . .When reviewing the adequacy of an award, the court must move cautiously to determine whether it should interfere with the verdict of a jury. However, it is the court's duty to set aside the verdict when it finds that `it does manifest injustice, and is . . .palpably against the evidence'. . . .In a case such as this the test to be applied to determine if a verdict should be set aside, is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Barbieri above, pp. 2 and 3.
This verdict of $10,000.00 reduced by 50% comparative negligence is not palpably against the evidence and does not CT Page 3910 reflect manifest injustice. Nor does this verdict shock "the conscience of the court" as did the verdict in Barbieri above. (See also Living and Learning Center, Inc. v. Griese Custom Signs, Inc., 3 Conn. App. 661, 662-663 (1985) and Festival Society Inc., 6 Conn. App. 322, 326-327 (1986).
The motion to set aside verdict and for additur is denied.
Defendant's objection to motion to set aside verdict is sustained.
Defendant's objection to request for additur is sustained.
JOHN N. REYNOLDS, STATE TRIAL REFEREE