[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
The plaintiffs, Richard and Adele Lewis, filed a complaint containing four counts on April 17, 1991, alleging a product liability claim under General Statutes 52-572m et seq. against the defendant, North American Philips Corp. In the complaint the plaintiffs allege the following facts. On or about March 29, 1989, CT Page 3727 plaintiff Richard Lewis purchased a Magnavox model RJ4340WA television set, serial #66417520 from the Airpax Employee Store at 150 Knotter Drive, Cheshire, Connecticut. The defendant, North American Philips Corp., manufactured this television set.
On or about June 5, 1989, the Lewis' home at 4 Wellsweep Road, Branford, Connecticut caught fire in the area of the television set resulting in property damage. The plaintiffs allege that the fire originated in the television set manufactured by the defendant. According to plaintiff Richard Lewis, he saw only the television burning at the start of the fire and that the initial smoke was dark black indicating burning plastic. Moreover, the television set, which the fire destroyed, was the only appliance energized at the time of the fire.
On February 9, 1994, the defendant filed a motion for summary judgment on the grounds that as a matter of law the plaintiffs are unable to prove the existence of a product defect or if a defect did exist that it proximately caused their alleged harm. According to the defendants, three experts, one of whom testified on behalf of the plaintiffs, agree that it is not possible to determine the cause of the fire.
As required by Practice Book 380, the defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiffs have timely filed a memorandum in opposition.
DISCUSSION
The purpose of summary judgment is to resolve "litigation when pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Scinto v. Stamm,224 Conn. 524, 530, 620 A.2d 99 (1993). The defendant claims in its memorandum in support of its motion for summary judgment that there are no genuine issues as to any material fact.
"A `material fact' is simply a fact which will make a difference in the result of the case . . . ." Yanow v. Teal CT Page 3728 Indus., Inc., 178 Conn. 262, 268, 422 A.2d 311 (1979). Whether the television set was defective is a material fact because it is an element the plaintiffs must prove to prevail on their product liability claim. See Sharp v. Wyatt, Inc., 31 Conn. App. 824, 833,627 A.2d 1347 (1993). Moreover, a `genuine issue' is "a `triable,' `substantial' or `real' issue of fact . . . ." (Citations omitted.) United Oil Co. v. Urban Redev. Comm'n, 158 Conn. 364,378, 260 A.2d 596 (1969). Here, the issue is whether a genuine issue exists as to whether the television set was defective.
The defendant argues in its memorandum that "as a matter of law the plaintiffs are unable to satisfy their burden of proving . . . the existence of a product defect." "A product is defective when it is unreasonably dangerous to the consumer or user." (Citation omitted.) Sharp v. Wyatt, Inc., supra, 833. "To be considered `unreasonably dangerous,' the article sold `must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." (Citations omitted.) Slepski v. Williams Ford, Inc., 170 Conn. 18, 23,364 A.2d 175 (1975). Moreover, "[w]hether a product is unreasonably dangerous is a question of fact to be determined by the jury." (Emphasis added.) Liberty Mut. Ins. Co. v. Sears, Roebuck Co.,35 Conn. Sup. 687, 691, 406 A.2d 1254 (App. Sess. 1979).
"`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" (Citations omitted.) Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993). Plaintiff Richard Lewis claims that he saw only the television set burning at the start of the fire and that the initial smoke was dark black indicating burning plastic. Moreover, the television set, which the fire destroyed, was the only appliance energized at the time of the fire. Furthermore, common knowledge is that "television sets in normal use, do not self-ignite . . . ." Liberty Mut. Ins. Co. v. Sears, Roebuck Co., supra, 691. Thus, a genuine issue of material fact exists as to whether the television set was defective.
The defendant further argues that even if a product defect did exist, as a matter of law the plaintiffs cannot prove that the defect proximately caused the alleged harm. Whether the alleged defective television set proximately caused the alleged harm is a material fact because it too is an element the plaintiffs must prove to prevail on their product liability claim. See Gajewski v. CT Page 3729 Pavelo, 32 Conn. App. 373, 381-82, 629 A.2d 465 (1993).
"`Conclusions of proximate cause are to be drawn by the jury and not by the court.'" Doe v. Manheimer, 212 Conn. 748, 757,563 A.2d 699 (1989), quoting Foxy. Mason, 189 Conn. 484, 489,546 A.2d 1196 (1983). "`It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact . . . .'" Id., quoting Trzcinski v. Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983).
Moreover, "[c]ausation may be proved by circumstantial evidence and expert testimony." Pisel v. Stamford Hospital,180 Conn. 314, 340-41, 430 A.2d 1 (1980), citing Slepski v. Williams Ford, Inc., supra. "[T]he jury is free to accept or reject each expert's opinion in whole or in part." Slepski v. Williams Ford, Inc., supra, 22-23, citing Birgel v. Heintz, 163 Conn. 23, 30,301 A.2d 249 (1972).
The defendant relies on the statements of three experts who agree that it is not possible to determine the cause of the fire. The defendants claim in their memorandum that since the plaintiff, Lewis, is not art expert, his observations of the television burning at the start of the fire "would not be competent or admissible evidence . . . ."
However, the plaintiff's observations create room for a reasonable disagreement as to whether the alleged defective television set caused the fire. A jury could give more weight to the plaintiff's eyewitness testimony than to the expert's testimony, to the extent that the expert testimony conflicts. Thus, a genuine issue of material fact also exists as to whether the alleged defective television set was the proximate cause of the plaintiff's hare.
CONCLUSION
For the foregoing reasons, the defendant's Motion For Summary Judgment (#113) is denied.
So ordered.
Michael Hartmere, Judge CT Page 3730