[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT AMERICAN SUZUKI'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Mr. Soto received serious injuries when the motorcycle he was riding crashed. He brought suit against Danielson Suzuki and American Suzuki. The claims against the last mentioned defendant are based on negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, unsafe and/or defective manufacturing, and failure to provide adequate warnings and instructions. American CT Page 9602 Suzuki has filed a motion for summary judgment as to Count Six (negligence), Count Seven (breach of express warranty), Count Eight (breach of an implied warranty of merchantability, Count Nine (breach of an implied warranty of fitness) and Count 10 (violations of sections 52-572n,52-572o and 52-572q of the general statutes).
The parties do not appear to be in dispute that the basis of all these claims must be that American Suzuki designed, manufactured, and/or sold a defective product. The plaintiff maintains that a genuine issue of material fact exists as to these allegations and thus a motion for summary judgment cannot be granted, Town Bank Trust Co.v. Benson, 176 Conn. 304, 307 (1978), if it does the court cannot try it. Nolan v. Borkowski, 206 Conn. 495, 500
(1988). In deciding these motions the court must view the evidence in the light most favorable to the non-moving party and that party is given the benefit of all the favorable inferences that can be drawn, Scrapchansky v.Plainfield, 226 Conn. 446, 450 (1993), Evans Products Co.v. Clinton Building Supply, Inc., 174 Conn. 512, 516
(1978).
The evidence really doesn't seem to be in dispute in this case. Rather the question raised by the briefs of both sides is whether given that evidence the application of the law to the facts should be left to the jury.
The undisputed facts are that in June 1987 Mr. Soto purchased a used 1978 Suzuki motorcycle; two people owned it before him. In his deposition Mr. Soto said that as he drove the cycle home from the dealership where he bought it, he noticed that it wobbled and vibrated. His wife in her deposition also noticed the cycle shaking on that day. The day after he bought the motorcycle Mr. Soto was involved in the accident and he says it occurred because the cycle wobbled and vibrated and this caused him to lose control. The plaintiff disclosed one expert who upon being deposed said he examined the cycle after the accident and detected no design defect. He also could not say that there was a manufacturing defect with any reasonable degree of engineering certainty.
Both prior owners were deposed and said they never experienced any problems with the motorcycle including CT Page 9603 wobbling. The plaintiff does not contest this view of their testimony. Neither does the plaintiff dispute the defendant's characterization of the conclusions reached by its own expert. Rather the plaintiff argues that an expert's testimony is not necessary to prove a product defect; a jury can rely on its own knowledge and experience as "ordinary consumers."
Finally the court should point out that if there is no evidence of design or manufacturing defect all the other claims of the plaintiff must fail. That is if there are no such defects there can be no failure to warn of them and no duty to have provided Mr. Soto with adequate warnings or instructions regarding defects or unsafe conditions.
It is quite true as the plaintiff points out that a plaintiff doesn't have to prove a "specific defect" as long as he or she can prove an "unspecified dangerous condition", Standard Structural Steel v. Bethlehem SteelCorporation, 597 F. Sup. 164, 183 (D. Conn. 1984), Giglio v.Connecticut Light Power, 180 Conn. 230, 235 (1980). Thus it has been held that a plaintiff can recover in a products liability action whether or not a specific defective condition can be ascertained, Kileen v. General MotorsCorp., 36 Conn. Sup. 347, 349 (1980) and "evidence of a malfunction is sufficient evidence of a defect." id at p. 349, Liberty Mutual Insurance Co. v. Sears Roebuck Co.,35 Conn. Sup. 687, 691 (1979). As the latter case says: "Whether a product is unreasonably dangerous is a question of fact to be determined by the jury. In determining this question the jury can draw their own conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large . . . . The jury may rely on circumstantial evidence to establish the dangerous condition of the product" id at page 691.
But the point is that: "The mere fact that there is sufficient evidence to infer a defect does not necessarily mean that there is sufficient evidence to infer that the defect existed at the time of sale. Normally, the questions of when and where a defect originated will be left to the jury. Kuiss v. Baldwin-Lima Hamilton Corp.,319 A.2d 914 (Pa., 1974). Where the answers to these questions would be based only on speculation or conjecture, however, the answers cannot stand. Smith v. Bell TelephoneCT Page 9604Co., 153 A.2d 477 (Pa. 1959)", Living and Learning CenterInc. v. Griese Customs Signs Inc., 3 Conn. App. 661, 665
(1985), also see Liberty Mutual Ins. Co. v. Sears Roebuck Co., supra at page 692, see generally Products Liability-Existence of Defect, 54 ALR3d 1079 where numerous cases are collected in main text and supplement.
Thus despite the language in the cases that evidence of malfunction is enough to prove the defect, when this is the only evidence offered the likelihood the defect existed at the time of the original sale is much more speculative,Living Learning Center Inc., id at page 665. Recovery in this type of case is permitted it would seem only where the malfunction occurred soon after the sale, Liberty MutualInsurance Co. v. Sears Roebuck, supra (television explodes six months after purchase, no evidence of misuse),Living Learning Center Inc. v. Griese Customs Signs Inc.,
supra, (sign damaged after year and a half, evidence introduced that anticipated longevity of such signs was five years and no evidence of any contact with sign),Cornell Drilling Co. v. Ford Motor Co., 359 A.2d 822, 826
(Pa. 1976) (truck caught fire, couldn't determine cause but only driven 35 miles), Novick v. Textron Inc., 375 So.2d 730
(La. 1979) (helicopter crash due to malfunction of drive gear). In Novick the court said: "In cases where a new or relatively new item or machine sustains an accident, the court may use circumstantial evidence tending to prove the defect had existed when the item left the factory if the defect manifested itself soon after the manufacturing process." id at page 734.
It is no doubt true that there are numerous cases allowing recovery several and even many years after the manufacturer has sold the product. Some of these cases involve situations where there is specific proof of defective design. In cases of this type summary judgment wouldn't be appropriate because passage of time should not be an automatic bar to claims where specific manufacturer fault has caused the malfunction within the expected life of the product for use by consumers. See Downey ParkCoaster Co., Inc. v. General Electric Co., 669 F. Sup. 715
(E.D. Pa., 1987) (27-year old deep fat fryer causes fire, claim that malfunction caused by failure to install safety device). In Downey the court said: "Convincing proof of an original defect will overcome lapse of time or use. The CT Page 9605 issue is whether the product in question failed to function properly because of normal wear and tear or whether it failed because of an inherent defect in its design" id at page 715).
Also lapse of time may not be a conclusive consideration where the specific cause of the malfunction is known and the trier of fact can conclude that the part in question under ordinary circumstances and use would not have malfunctioned except for the fact that there was a manufacturing defect. Hawkins v. Lamance Tank Corporation,555 P.2d 91, 95 (Okla. 1976).
None of these factors are part of this case. When the wobbling and vibration were noticed by the plaintiff the cycle was nine years old; the accident happened the next day. There has been nothing presented by the plaintiff to indicate the accident was caused by design, defect and nothing in fact made available to the court to indicate what in fact caused the malfunction. Both prior owners at their depositions said they experienced no problem in the past with regard to the cycle wobbling or vibrating. These considerations become important as the cases indicate where there is such a great lapse of time — here nine years — between the original sale of the motorcycle and the date of the accident.
In light of all the material before the court liability would have to be based on sheer speculation and surmise, Smith v. Bell Telephone Co., supra, cf Surgi v.Otis Elevator Co., 541 So.2d 297, 299 (La., 1989).
The motion for summary judgment is granted.
Corradino, J. CT Page 9606