[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this products liability action, the plaintiff, Corey M. Bonnette, sues the defendant, the Ford Motor Company (Ford), for damages to his 1993 Ford F-150 pickup truck allegedly caused by a defective parking brake. A trial to the court was held on May 7 and 29, 1997.
The court finds the following facts. In 1993, the plaintiff purchased his truck from a Ford dealership for whom the plaintiff formerly worked performing light mechanical repairs. In the frigid morning hours of January 5, 1995, the plaintiff wished to warm up his truck before traveling off. He started the motor, placed the manual shifter into neutral, and set the parking brake by depressing the parking brake foot pedal. In setting the brake, he used ordinary pressure and felt no unusual resistance or play in the mechanism. The parking brake indicator light activated, and the parking brake pedal remained in the set position.
The truck was parked in the plaintiff's driveway on a slight incline. The plaintiff exited the vehicle and returned to his residence to wait for the truck to warm up. Upon entering his residence, the plaintiff heard a loud crash. He immediately went outside and observed his truck against a tree located on property across the street from the entrance to his driveway. The plaintiff quickly examined the truck and noticed that the parking brake was disengaged and the brake light was off.
The truck sustained damage as a result of striking the tree, which damage cost $6655.98 to repair. During repair, the plaintiff had to rent a substitute vehicle for $687.24.
In March 1995, a few weeks after the accident, the plaintiff received a recall notice from Ford concerning a potential parking CT Page 7175 brake failure. The notice informed owners of 1993 F-150 trucks that the parking brake system was defective and could exhibit diminished or no holding power if little effort was needed to set the brake. The notice also indicated that the remedy for this defect was the installation of a "lock-in" wedge, which device would keep an adjustment pawl meshed with a ratchet to ensure proper engagement of the brake.
The plaintiff obtained this plastic wedge from the Ford dealer and installed it. The parking brake has worked perfectly since this corrective action was taken.
The owner's manual which the plaintiff received upon purchase of the truck warns against leaving the truck unattended when the engine is running. The manual also cautions against leaving the vehicle in neutral when parked. Other findings of fact will be added where necessary.
I.
In order to prevail in a products liability action, the plaintiff must prove, by a preponderance of the evidence, that (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition, unreasonably dangerous to the consumer; (3) the defect caused the injury for which compensation is sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition,Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 214 (1997). The court concludes that the plaintiff has met this burden.
A.
Ford admits being engaged in the business of selling F-150 pickup trucks. The evidence showed that the condition of the truck and its parking brake system on January 5, 1995, were unchanged from the date of purchase. Thus, elements (1), (4), and (5) of this cause of action have been satisfied.
B.
A defective condition may be inferred from circumstantial evidence, Living and Learning Centre v. Griese Custom,3 Conn. App. 661, 664 (1985); Liberty Mutual Insurance Co. V. Sears,Roebuck and Co., 35 Conn. Sup. 687, 691 (1979). In the absence of CT Page 7176 other causes, malfunction is sufficient evidence of a defect, Id.
In this case, the parking brake was properly set by the plaintiff on a slight incline. No other factors intervened to put the vehicle in motion. From the facts that the parking brake and its indicator light were on when the plaintiff left the truck and both the brake and light were in the off mode when the plaintiff examined the truck shortly after impact, the court infers that the parking brake disengaged and allowed the truck to roll down the driveway and into the tree. The fact that after the insertion of the corrective wedge no recurrence of disengagement occurred reinforces the conclusion that the parking brake malfunctioned permitting movement on a slight incline. The parking brake in the 1993 F-150 truck was supposed to hold the vehicle in a stopped position on any incline less than a twenty-five percent grade. The court concludes that the defective parking brake mechanism caused damage to the truck for which the plaintiff seeks compensation by way of repair costs and rental fees. This conclusion satisfies the third element of the plaintiff's cause of action.
C.
As noted above, the plaintiff's truck's parking brake was, if working properly, supposed to stop the truck from moving on any incline less than a twenty-five percent grade. A defective parking brake permitting movement on gentler slopes is clearly unreasonably dangerous to the consumer, the vehicle, and others and likely to cause injury or property damage. The court concludes that element (2) of this cause of action has also been established by the plaintiff.
Consequently, the plaintiff has proven all five elements of his case of products liability against this defendant.
II.
Ford has filed ten special defenses. The first special defense is that the plaintiff has tailed to state a claim upon which relief can be granted. The discussion above demonstrates that this assertion is patently untrue. Not only has the plaintiff pleaded a sufficient cause of action under products liability, the plaintiff has proved his allegations.
The second special defense is that the plaintiff was CT Page 7177 contributorily negligent. The basis for this claim is that the plaintiff failed to heed Ford's warning regarding proper use of the parking brake. Ford's own expert witness stated that he could not render an opinion that leaving the truck unattended with the engine running contributed to the unplanned movement of the plaintiff's truck. He stated that this particular warning is given to alert users to the danger that unauthorized operators, especially children, might enter an unattended truck and put it in motion. The court finds that the plaintiff's conduct in leaving his truck with the engine running after setting the parking brake was not a substantial factor in bringing about the accident in this case.
The other warning goes to failing to put the vehicle in gear when parking the truck. The court finds that Ford has met its burden of proving, by a preponderance of the evidence, that the plaintiff was contributorily negligent in ignoring this warning. The plaintiff should have been aware of this warning, and the danger it points out, because the warning was contained in his owner's manual.
The evidence showed that, if the vehicle had been left in gear, despite parking brake failure, it is probable that the resistance to movement caused by gear engagement, and resulting engine compression, would have either prevented or slowed the descent along the driveway. Putting the vehicle in gear would not cause or contribute to brake failure, but may have avoided the consequences of such a failure. The court finds that the plaintiff's comparative responsibility for the damage to his truck was twenty-five percent of the total responsibility under G.S. 52-572o, leaving Ford seventy-five percent responsible.
The third special defense alleges that third parties caused the accident. This claim is absolutely devoid of factual foundation and proof. This defense fails.
The fourth special defense alleges that the plaintiff's conduct was the sole proximate cause of the accident. As noted above, the court rejected this contention and has found that the defective parking brake was a substantial factor in causing the damage to the truck.
The fifth special defense repeats the third party intervention defense of the third special defense for which there is no foundation in the evidence. CT Page 7178
The sixth special defense asserts a failure to mitigate damages. There was no proof that the plaintiff could have lessened the repair or rental costs by alternative conduct. This defense also fails.
The seventh special defense, which is mistakenly labeled as the eighth by the defendant, alleges assumption of the risk. The court finds no credible evidence to support any claim that the plaintiff knew of the defective parking brake before the accident occurred. The court rejects this defense.
The eighth special defense, labeled ninth, also alleges assumption of the risk and is likewise rejected.
The ninth special defense, labeled tenth, alleges a failure to preserve evidence. It is doubtful that such a claim constitutes a special defense, but in any event, the proof at trial established that the opposite was true. The court rejects this defense also.
The final special defense merely asserts that other, unidentified defenses might exist. Such a pleading is feckless.
III.
The court determines that the plaintiff's damages equal his repair costs plus rental fees for a total of $7343.22. Because the plaintiff was twenty-five percent responsible, the court enters a judgment for the plaintiff in the amount of $5507.41 plus costs.
SFERRAZZA, J.