[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff; Lexanne Kroll, filed an amended complaint against Mazda Motor of America, Inc. (Mazda), and Dworkin Chevrolet, Inc. (Dworkin), on February 19, 1998.[1] The first count is against Mazda and the second count is against Dworkin. Both counts allege that the defendants are liable and legally responsible to the plaintiff because the product, a 1993 Mazda MX-6, was in a defective and unreasonably dangerous condition. The plaintiff alleges that the vehicle, suddenly and without warning, failed to stop as a result of a defective braking system, suspension system, framing design, motor, electrical system and computer. The defendant Mazda filed an answer and special defenses on April 30, 1998. The defendant Dworkin filed an answer and special defenses on May 24, 1999.
The defendants Mazda and Dworkin filed a joint motion for summary judgment on October 21, 1999, on the ground that there is no genuine issue of material fact in this products' liability action. Specifically, the defendants move for summary judgment on the grounds that the plaintiff has failed to produce expert testimony to show that the alleged defects caused the plaintiff's injuries, that the plaintiff's own expert could not identify a defect in the vehicle, and that such expert testimony is necessary for the plaintiff to carry her burden of proof. The plaintiff filed an objection to summary judgment on December 17, 1999. The defendants filed a reply to the plaintiff's objection on December 27, 1999.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts . . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal CT Page 3804 quotation marks omitted.) Rivera v. Double A Transportation.Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). "In ruling on a motion for summary judgment, the court s function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
The defendants argue that summary judgment is warranted because the plaintiff's expert did not find the vehicle to be defective. The defendants argue that expert witness testimony is necessary because the subject matter of this case, product liability involving an allegedly defective vehicle, involves matters beyond the common knowledge of the average juror. The defendants further argue that summary judgment is warranted because the plaintiff has failed to produce any expert testimony concerning the issue of general causation. The defendants argue that expert testimony is required where there are so many possibilities as to proximate cause. The defendants allege the plaintiff cannot make out a prima facie case and summary judgment should be granted in their favor.
In her objection to summary judgment, the plaintiff argues "that a jury may, under appropriate circumstances, infer a defect from the evidence without the necessity of expert testimony." (Plaintiff's Objection to Defendants' Motion for Summary Judgment.) The plaintiff also argues that "whether a product is unreasonably dangerous is a question of fact to be determined by the jury." Id. She argues that genuine issues of material fact exist and, therefore, summary judgment is inappropriate.
The defendants, in their reply to the plaintiff's objection, argue that the plaintiff's objection is based on an unspecified defect theory and fails for two reasons. First, the defendants argue that the plaintiff's complaint does not allege the existence of an unspecified defect, but rather enumerates six specific defects and she therefore must provide expert testimony to support her claims. Second, the defendants argue that the plaintiff cannot make out a prima facie case under the unspecified defect theory because to do so, she must prove that the defect existed at the time of sale and that there are no other identifiable causes of the accident. The defendants argue that the plaintiff cannot meet this second element. CT Page 3805
"When the question involves an issue that is within the ordinary knowledge and experience of judges and jurors, the trial court's decision does not need to be supported by expert testimony. . . ." (Citations omitted.) Water Street AssociatesLtd. Partnership v. Innopak Plastics Corp. , 230 Conn. 764, 772-73,646 A.2d 790 (1994); Latham Associates, Inc. v. William RaveisReal Estate. Inc., 218 Conn. 297, 301, 589 A.2d 337 (1991) ("As a rule, expert testimony is required when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors." (Internal quotation marks omitted.)). The issue is whether this is a case that requires expert testimony. The defendants argue that expert testimony is required because this case involves allegations of specific defects that go beyond the common knowledge of ordinary consumers. The plaintiff, in her objection, argues that a jury can infer a defect without the need for expert testimony.
The plaintiff in the present case alleges defects in the braking system, the suspension system, the framing design, the motor, the electrical system, and the computer. She does not, however, identify the defects in these systems as for example, in one case, where the plaintiffs alleged "that the electronic idle was not operating, that the brake pads and drums had a coating of grease which prevented the brakes from working properly, and that the cruise control system could be actioned accidentally." Woodsv. General Motors Corp. , Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516326 (January 26, 1996, Wagner, J.) (16 Conn.L.Rptr. 63, 63-64). The plaintiffs in that case specifically identified the defect, such as the allegation of a coating of grease on the brake pads and drums. In this case, the plaintiff merely alleges that a number of systems were defective. She does not specifically identify the defect in these systems.
"`While expert testimony is permitted in a great many instances, it is required only when the question involved goes beyond the field of ordinary knowledge and experience of judges and jurors.' C. Tait J. LaPlante, Connecticut Evidence, (2d. Ed. 1988) § 7.16.5; see also Sun Hill Industries, Inc. v.Kraftsman Group, Inc., 27 Conn. App. 688, 697, 610 A.2d 684, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992). For example, in cases involving professional competence and malpractice, expert testimony is typically required. C. Tait J. LaPlante, supra, § 7.16.6; see also Barrett v. Danbury Hospital, 232 Conn. 242, 252, CT Page 3806654 A.2d 748 (1995) (expert testimony required in medical malpractice action except where negligence so gross as to be clear to layperson). Our courts have held that expert testimony is not required to prove the following: the effect of operating a gasoline station on traffic safety; Gulf Oil Corp. v. Board ofSelectman, 144 Conn. 61, 65, 127 A.2d 48 (1956); that a criminal defendant is sane after he raises an insanity defense; State v.Davis, 158 Conn. 341, 356, 260 A.2d 587 (1969); that injuries sustained on the plaintiff's property were caused by the defendant's blasting; King v. New Haven Trap Rock Co.,146 Conn. 482, 483-84, 152 A.2d 503 (1959); that the failure to erect a porch railing was negligent; Bader v. United Orthodox Synagogue,148 Conn. 449, 454, 172 A.2d 192 (1961); that a fence erected around an area where blasting occurred was insufficient to guard against injuries; Bonczkiewicz v. Merberg Wrecking Corp. ,148 Conn. 573, 580, 172 A.2d 917 (1961); and that certain materials are obscene as to minors. State v. Parsons, 28 Conn. App. 91,101-102, 612 A.2d 73, cert. denied, 223 Conn. 920, 614 A.2d 829
(1992)." (Emphasis in original.) Ciarlelli v. Romeo,46 Conn. App. 277, 283-84, 699 A.2d 217, cert. denied, 243 Conn. 929,701 A.2d 657 (1997). In this case, "the factual determination is not so far outside the ordinary knowledge and experience of jurors so as to require expert testimony." Id., 284. In the present case, expert testimony is not required to prove causation.
The Connecticut Supreme Court has held that "[w]hether a product is unreasonably dangerous is a question of fact to be determined by the jury. . . . [T]he jury can draw their own reasonable conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large. . . . Furthermore, [i]t is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition." (Citations omitted; internal quotation marks omitted.) Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199,225, 694 A.2d 1319 (1997).[2] "In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A of the Second Restatement of Torts." Id., 218, quoting Living Learning Centre, Inc. v.Griese Custom Signs, Inc., 3 Conn. App. 661, 664, 491 A.2d 433
(1985). "The fact finder can find, where other identifiable causes are absent, that the mere evidence of a malfunction is sufficient evidence of a defect." (Internal quotation marks omitted.) Potter v. Chicago Pneumatic Tool Co., supra,241 Conn. 218, quoting Kileen v. General Motors Corp. , 36 Conn. Sup. 347, CT Page 3807 349, 421 A.2d 874 (1980).
The plaintiff here alleges that a number of systems were defective, but does not specifically identify the defect in these systems. The defendants' motion for summary judgment on the grounds that expert testimony is required is denied.
The defendants further argue that the plaintiff cannot make out a prima facie case under the unspecified defect theory because in order to do so, she must prove that the defect existed at the time of sale and that there are no other identifiable causes of the accident. The defendants cite to Living Learning Centre,Inc. v. Griese Customs Signs, Inc., supra, 3 Conn. App. 665, andLiberty Mutual Ins. Co. v. Sears Roebuck Co., 35 Conn. Sup. 687,406 A.2d 1254 (App. Sess. 1979), for their argument. First, the plaintiff must show that the defect existed at the time of sale and the defendants argue that there is no evidence of this. The plaintiff, however, has submitted evidence of numerous complaints made to the defendants regarding problems with the vehicle, including a complaint that the "ABS not activating immediately upon start-up pedal will go to floor light stays on-can hear pump later." (Plaintiff's Exhibit E.) The work order regarding the ABS not activating immediately is dated December 22, 1993, and the car was purchased November 3, 1993. "Although the amount of time between purchase and injury is a significant factor in the inferential equation, it is not the only one. To it must be added other factors that might account for an alteration of the product after sale, including improper use, modification, tampering or improper maintenance. . . ." (Citations omitted; internal quotation marks omitted.) Living Learning Centre, Inc. v. Griese Custom Signs,Inc., supra, 3 Conn. App. 665-66. There has been no evidence that the product was altered, modified, or tampered with after sale. There is evidence that the plaintiff took the vehicle in for maintenance. (Plaintiff's Exhibit E.) Regarding improper use, there is a genuine issue of material fact in this case as to whether the vehicle was defective or there was operator error. The first element of the test is satisfied.
Second, the plaintiff must show that there are no other identifiable causes of the accident. The defendants argue that "the entirety of the evidence in this case points clearly and overwhelmingly to another identifiable cause for the accident — namely, the plaintiff's own negligence." (Defendants' Reply Memorandum, p. 6.) The plaintiff, however, has submitted evidence of numerous complaints about the vehicle, including CT Page 3808 complaints about the brakes. (Plaintiff's Exhibit E.) "Although the [plaintiff has] been unable to identify a specific defect in the vehicle, by affidavit [she has] arguably eliminated the other identifiable cause for the accident, operator error and circumstantially established that the vehicle was defective and rebutted the evidence presented by the defendants in support of their motion for summary judgment. While the credibility of the [plaintiff's] testimony is a question for the jury, a genuine issue of material fact has been established as to whether the vehicle was defective." Woods v. General Motors Corp. , supra,16 Conn.L.Rptr. 65.
As in Woods v. General Motors Corp. , the accident in the present case was caused by either a defect in the vehicle or operator error. See id. The plaintiff argues that it was a defect in the vehicle while the defendant argues that it was operator error. The plaintiff has submitted evidence of numerous complaints made to the defendants regarding problems with the vehicle, including a complaint that the "ABS not activating immediately upon start-up pedal will go to floor light stays on-can hear pump later" and a complaint of a "brake squeak — most in reverse also when coming to a stop. " (Plaintiff's Exhibit E.) This evidence gives rise to a genuine issue of material fact.
The defendants also argue that summary judgment is appropriate because the plaintiff has failed to produce expert testimony concerning the issue of general causation. "An expert witness ordinarily may not express an opinion on an ultimate issue of fact, which must be decided by the trier of fact." (Internal quotation marks omitted.) Hines v. Davis, 53 Conn. App. 836, 840,731 A.2d 325 (1999). In Hines v. Davis, the court held that, because the expert witness' testimony went to causation, it was "inadmissible as testimony concerning the ultimate issue in the case." Id.[3] "An expert may, however, give an opinion on an ultimate issue where the trier, in order to make intelligent findings, needs expert assistance on the precise question on which it must pass." Id.; see also State v. Vilalastra,207 Conn. 35, 41, 540 A.2d 42 (1988). "Where the plaintiff has introduced evidence which removes the issue of proximate cause from the realm of mere speculation, that issue presents a question of fact for the trier." (Internal quotation marks omitted.) Slepski v.Williams Ford, Inc., 170 Conn. 18, 22, 364 A.2d 175 (1975). "`The plaintiff is not required to show only one possible theory of causation, negating all others.'" Beverly Hills Concepts, Inc. v.Schatz and Schatz, 247 Conn. 48, 85, 717 A.2d 724 (1998), quoting CT Page 3809Slepski v. Williams Ford, Inc., supra, 170 Conn. 22.
The motion for summary judgment is denied.
GROGINS, J.